IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 1:06CR12

ANDREW SMITH,
        Defendant.

## ORDER/OPINION

On the 31st day of October 2007, came the United States by Shawn Angus Morgan its Assistant United States Attorney, and also came the defendant, Andrew Smith, in person and by his counsel, Brian J. Kornbrath, for hearing on "Defendant's Motion for Release on Bond Pending Final Disposition" [Docket Entry 51]. The United States responded to the Motion, stating that it had no objection to Defendant's release on bond, but requesting the Court consider the United States' recommendations for bond conditions [Docket Entry 52].

Defendant was sentenced by Chief United States District Judge Irene M. Keeley, on August 11, 2006, to five years probation [Docket Entry 26]. On September 5, 2007, Defendant's Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that Defendant had been arrested and charged with being a Felon in Possession of a Firearm and Carrying a Deadly Weapon Without a License; Defendant failed to provide monthly reports for April, May, June, and July, 2007; and Defendant had failed to bring his court-ordered restitution up-to-date. Chief Judge Keeley Ordered Defendant be arrested, and upon arrest detained.

A Preliminary Examination was held on September 17, 2007, before the undersigned United States Magistrate Judge. At that time Defendant admitted probable cause existed to support the allegations contained in the Petition. He requested a continuance on the issue of detention pending

further investigation, which continuance was granted. Defendant was remanded to the custody of the United States Marshall pending further proceedings. Chief Judge Keeley transferred the Petition to Judge Robert E. Maxwell for final hearing on October 23, 2007. Defendant filed his Motion for Bond on October 25, 2007.

In his Motion, Defendant states that at the time of his Preliminary Hearing, he had no residence where he could reside pending final hearing. Since that time, however, Defendant's father-in-law, James I. Long, is willing to allow Defendant the use of his property located at HC 78 Box 101, Rock Cave, West Virginia 26234. No other individual resides there. Defendant also states that he is a 37-year-old college graduate with a stable work history. His only prior criminal conviction is the 2006 charge for fraudulent claims against the United States for which he was sentenced by Chief Judge Keeley. Additionally, Defendant intends to plead Guilty to being a felon in possession, which is also the factual basis for the alleged probation violation in the instant case.

Defendant concludes that he is neither a flight risk nor a danger to the community. He seeks release pending final disposition both in this matter and the pending federal criminal matter.

As already stated, the Government does not object to Defendant's release on conditions. The government at the hearing stated that it had been in contact with Defendant's estranged wife, Heather Smith, who had called the police regarding the incident that led to the arrest. She supported Defendant's request for bond, stating she had never felt threatened by Defendant, but had been concerned for his own welfare when she called police. She told the government that since that time, Defendant had been doing well on mental health medications, and she no longer felt he was a threat to others or to himself. She herself supported his release on bond on the State case which became the federal criminal case against Defendant. Her father is offering his own property as Defendant's

residence pending further proceedings. The government sought the additional conditions that Defendant be required to take his medications as prescribed, and that Probation monitor his compliance.

Defendant stated in open court that since he had been regularly taking his mental health medications, which included Zoloft since his incarceration on the present charges, he had felt well mentally.

The Court stated its concerns regarding any possibility of guaranteeing Defendant complied with his treatment protocol and releasing an individual who had previously failed to follow his medical treatment protocol and who had taken a firearm and was found to be in possession of the same in the roadway near his estranged wife's residence. The Court finds, however, that ample evidence through the parties' proffers, especially that of Ms. Smith, supports Defendant's release on conditions. Ms. Smith acknowledged in open court that she has no personal fear for herself or her children from Defendant, and noted that Defendant could be blood tested for compliance with his medications.

In consideration of all which, the Court GRANTS Defendant's Motion for Release on Bond Pending Final Disposition [Docket Entry 51]. Defendant is released on conditions pursuant to the Conditions of Probation and Supervised Release previously entered in this case, with the addition of the following:

1) Defendant shall reside at HC 78, Box 101, Rock Cave, West Virginia 26234;

2) Defendant shall maintain a telephone at that residence.

3) Defendant shall take his medications as prescribed by his physicians;

4) United States Probation shall monitor Defendant's compliance with his prescribed medications through pill counts, random telephone contacts, other contacts as Probation deems necessary, and through blood or other tests as Probation deems necessary;

5) Defendant shall participate regularly in mental health and other counseling as advised by his physicians and/or as mandated by the Probation Office; and

6) Defendant shall acknowledge these additional conditions by his signature at the end of this Order.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this   day of   31st day of October, 2007.

JOHN S. KAULL

UNITED STATES MAGISTRATE JUDGE

### ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the additional conditions of supervised release contained in this Order, as well as the conditions contained in my Conditions of Supervised Release originally entered in this case. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions should I not comply with all my court-ordered conditions of release.

Signature of Defendant